IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERRIS DONALD CANNADAY,

                                                                           ORDER

               Petitioner,

                                                           12-cv-23-bbc

    v.

ROBERT WERLINGER, Warden,
GREGG FEARDAY, CASAR LOPEZ,
MR. RUSSELL and MS. SPAHN,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Perris Cannaday, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has submitted pleadings on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. He has paid the $5 filing fee. A preliminary review of petitioner's pleadings shows that he is challenging the medical treatment that he is receiving in prison.

      This is not a claim petitioner can raise in a habeas corpus action under § 2241, which is limited to challenges to a prisoner's custody. The injuries petitioner alleges are claims that must be brought in a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against individuals who are alleged to be involved personally

1

in depriving petitioner of his rights.

When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of cases. Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) ("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent" because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects."); Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000) ("Prisoners may be tempted to choose one route rather than another to avoid limitations Congress adopted.").

For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. In addition, the Prison Litigation Reform Act applies to civil cases, but not to habeas petitions. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the Act requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the in forma pauperis statute

2

unless he is in imminent danger of serious physical harm. Finally, the respondent in a habeas petition may be different from the appropriate defendant in a civil action.

Accordingly, no action will be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for his failure to show that he is in custody in violation of the Constitution or laws of the United States. If he decides to pursue a civil action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), he will have to advise the court of that fact no later than March 5, 2012. If petitioner chooses the second route, he must either pay the $350 filing fee or submit a request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> that is accompanied by a trust fund account statement for the six-month period immediately preceding the filing of his action so that the court can assess him an initial partial payment of the filing fee as § 1915 requires. In addition, he should identify the party or parties he wishes to name as defendants.

ORDER

IT IS ORDERED that petitioner Perris Donald Cannady may have until March 5, 2012, to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action. If he chooses to proceed with a civil lawsuit, he must submit no later than March 5, 2012,

either (1) a check or money order made payable to the clerk of court in the amount of $350; (2) a request for leave to proceed in forma pauperis, together with a trust fund account statement that covers the last six months; and (3) the name of the defendant or defendants he wishes to sue.

Entered this 23d day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge